IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHADWICK S KNOLTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-343-TES-CHW |
| | : | |
| **JOHN SAWYER,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## RECOMMENDATION OF DISMISSAL

Pending before the Court is a Complaint filed by *pro se* Plaintiff Chadwick S. Knolton, an inmate most recently incarcerated at the Houston County Jail in Perry, Georgia (ECF No. 1). Plaintiff has also filed several additional motions related to this case, including a motion to proceed *in forma pauperis* (ECF Nos. 2, 3, 4). On September 5, 2025, however, the Court's August 15, 2025 order referring this case to the United States Magistrate Judge was returned to the Court as undeliverable and marked "RTS." ECF No. 6 at 1. Searches of the Houston County Jail's online roster and the Georgia Department of Corrections' online offender query system do not show Plaintiff as a current inmate.[1]

Plaintiff's failure to keep the Court informed of his mailing address is a failure to diligently prosecute this action warranting dismissal. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing

---

[1] *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/JXJ8-6J9Y] (searched "Knolton") (last visited Sept. 26, 2025); https://houston-so-ga.zuercherportal.com/#/inmates [https://perma.cc/8YHU-P832] (searched "Knolton") (last visited Sept. 26, 2025).

*Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[2] Moreover, this action simply cannot proceed if the Court does not have a current mailing address for Plaintiff. It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** and that Plaintiff's pending motions (ECF Nos. 2, 3, 4) be **DENIED as moot.** Although it may be an exercise in futility, the Clerk is **DIRECTED** to mail Plaintiff a copy of this Recommendation to his last known address at the Houston County Jail.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 29th day of September, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.